IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS S.,[1] | : Civil No. 1:26-CV-1818 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Introduction

This case comes before us on a motion to remand filed by the Commissioner of Social Security.[2] The plaintiff filed this appeal of the denial of his application for Social Security disability benefits, arguing that the Administrative Law Judge ("ALJ") failed to comply with this court's prior order remanding his case for further consideration of certain impairments and symptoms. Specifically, the plaintiff argued that the

[1] In the plaintiff's prior appeal, he requested the use of only his first name and last initial due to the nature of his impairments underlying his appeal. While it does not appear that he has made that same request in the instant appeal, as a precaution, we will continue to use the plaintiff's first name and last initial.

[2] Doc. 9.

ALJ failed to discuss his symptoms from his irritable bowel syndrome ("IBS") and how those symptoms would affect his ability to remain on task throughout the workday.[3]

The Commissioner moves to remand this matter to the agency for further proceedings, recognizing that the ALJ's second decision failed to comply with this court's remand order regarding the plaintiff's IBS and related symptoms.[4] The plaintiff opposes this motion, in that he argues a remand for an award of benefits, rather than further administrative proceedings, is more appropriate.[5] After consideration, we will remand this matter to the Commissioner for further proceedings consistent with this opinion.

## II. Background

Curtis S. filed an application under Title II of the Social Security Act for disability and disability insurance benefits on August 27, 2021. Following an initial hearing before ALJ Guida, the ALJ found that the plaintiff was not disabled from his alleged onset date of August 31, 2017,

---

[3] Doc. 8.
[4] Doc. 9.
[5] Doc. 11.

through December 31, 2022, the date he was last insured.[6] This decision was subsequently remanded by the district court for new proceedings.[7] Specifically, Magistrate Judge Carlson found that the ALJ failed to consider the plaintiff's symptoms related to his IBS and how those symptoms would affect his ability to remain on task during the workday.[8] Judge Carlson reasoned that "the ALJ's complete omission of any discussion regarding off-task time or absenteeism related to the plaintiff's frequent restroom needs deprives the Court of the ability to conduct meaningful review[.]"[9] Accordingly, the matter was remanded to the Commissioner for further proceedings.

On remand, ALJ Guida held a second hearing and issued a second decision denying the plaintiff's claim for benefits.[10] At the second hearing, the plaintiff's counsel elicited additional testimony from him regarding his IBS symptoms, including a need to use the restroom

---

[6] Tr. 7-29.
[7] *Curtis S. v. Dudek*, Civ. No. 3:24-CV-01178 (M.D. Pa. Apr. 10, 2025) (Carlson, M.J.) (Doc. 15).
[8] *Id.*
[9] *Id.* at 24.
[10] Tr. 1118-1156.

between 25-30 times per day when his symptoms flared and a variety of unsuccessful medication attempts to improve his symptoms.[11] A Vocational Expert ("VE") also testified at this hearing, stating that an individual who was off-task more than 15 percent of the workday and absent more than two days per month would be unemployable.[12]

ALJ Guida issued a second unfavorable decision on March 24, 2026.[13] While the decision discusses the plaintiff's IBS symptoms and his testimony regarding the same, there is no discussion about time off-task in relation to the plaintiff's reported need to frequently use the restroom.[14]

The plaintiff appealed this decision, arguing that the ALJ's decision failed to comply with this court's remand order and is not supported by substantial evidence.[15] The Commissioner concedes that the ALJ did not

---

[11] Tr. 1148-52.
[12] Tr. 1153.
[13] Tr. 1118-43.
[14] *See* Tr. 1133-35 (discussing the plaintiff's symptoms); *see also* Tr. 1126-30 (discussing the plaintiff's medical records, which indicated some improvement with certain medications but also corroborated the plaintiff's reports of frequent restroom use daily).
[15] Docs. 1, 8.

follow the court's remand order and moves to remand the matter for further proceedings.[16] For his part, the plaintiff argues that this matter should be remanded for an award of benefits, as more than five years have passed since the application date, the matter was remanded once before, and the medical record indicates that his symptoms are disabling.[17]

After consideration, we will remand this matter to the Commissioner for further proceedings.

## III. Discussion

### A. Legal Standards – Motion to Remand

Under 42 U.S.C. § 405(g), a district court is empowered to "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[18] When a court reverses the Commissioner's decision, it may either "choose to remand to the Secretary for a further hearing or simply . . . award benefits."[19] But the

[16] Doc. 9.
[17] Doc. 11.
[18] 42 U.S.C. § 405(g).
[19] *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

decision to award benefits "should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits."[20] In practice, then, we must consider two factors when determining whether an award of benefits, rather than a new hearing, is warranted:

> First, whether there has been an excessive delay in the litigation of the claim which is not attributable to the claimant; and second, whether the administrative record of the case has been fully developed and substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits.[21]

The first factor contemplates the passage of time since the plaintiff applied for benefits, as well as any prior appeals and remands.[22] Delay has been found excessive in cases where five or more years have passed, and the matter has been remanded one or more times.[23] The second

---

[20] *Id.* at 221-22.
[21] *Diaz v. Berryhill*, 388 F. Supp. 3d 382, 391 (M.D. Pa. 2019).
[22] *Id.*
[23] *Id.*; *see also James B. v. O'Malley*, 2024 WL 3207311, at *2 (E.D. Pa. June 21, 2024) (collecting cases) (finding excessive delay where the application was filed 13 years prior, there had been four hearings, and several federal court remands and appeals). *But see, e.g.*, *Henderson v. Colvin*, 2014 WL 5431111, at *13 (E.D. Pa. Oct. 27, 2014) (remanding for

factor requires a merits assessment of the plaintiff's claim. We must determine if the record has been fully developed, and if substantial evidence indicates the plaintiff is disabled and entitled to benefits.[24] This merits analysis includes consideration of "the procedural posture of a case, and particularly which party bears the burden of proof and production on issues of disability."[25]

B. This Case will be Remanded for Further Proceedings.

Turning to the instant case, we conclude that a remand for further proceedings is appropriate. Specifically, while we find that there has been delay in the administrative process, we cannot conclude that the record contains substantial evidence supporting a finding that the plaintiff is disabled.

There is no question there has been some significant delay in this matter. The plaintiff filed his application for benefits in August of 2021, more than five years ago, and the case has consisted of two

---

further proceedings where the application was filed nine years prior, and there had been six hearings and four district court appeals).

[24] *Diaz*, 388 F. Supp. 2d at 391 (citations omitted).

[25] *Id.* at 392.

administrative hearings and decisions and one district court remand. Thus, we conclude that the first factor weighs in favor of an award of benefits, rather than for further proceedings.

But we cannot conclude that substantial evidence supports a finding that the plaintiff is disabled and entitled to benefits. In this case, the plaintiff argues that his frequent restroom needs will impact his ability to remain on task during the workday. Thus, the plaintiff's argument challenges the ALJ's RFC determination. The record contains evidence indicating that the plaintiff's IBS symptoms waxed and waned throughout the alleged disability period, sometimes resulting in using the restroom as many as 30 times per day during bad flareups and as few as five times per day when controlled with medication.[26] The plaintiff testified that when his symptoms were worse, he would be in the restroom for 45 minutes to an hour each time.[27] But he also testified that some medication has been helpful in reducing the frequency of restroom trips.[28] Ultimately, while the ALJ discussed this evidence and concluded

[26] Tr. 1133-34 (citing e.g., Tr. 290-343, 831-44, 1429).
[27] Tr. 1149.
[28] *Id.*

that the plaintiff was not as limited by his gastrointestinal issues as he alleged, the ALJ failed to include any discussion of how the plaintiff's symptoms would affect his ability to remain on task.

Accordingly, we conclude that the RFC determination is not supported by substantial evidence. But as one court in this circuit has aptly noted, "the SSA is in a better position than this Court to determine the Plaintiff's proper RFC after consideration of the records as a whole and thereafter undertake a renewed step four and five analysis."[29] We further note, as both parties do, that per agency policy, this case will be remanded for consideration by a different ALJ than the ALJ who issued the previous unfavorable decisions.[30] Therefore, mindful of the delay that has already occurred in the instant case, we will remand this matter to the Commissioner to with explicit instructions to "schedule an expedited hearing . . . and promptly issue a revised decision."[31]

---

[29] *Rossi v. Comm'r of Soc. Sec.*, 2020 WL 1872980, at *6 (D.N.J. Apr. 15, 2020).

[30] *See* Doc. 10 at 7 n.2; Doc. 11 at 2 n.1.

[31] *Bieri v. O'Malley*, 2024 WL 4680672, at *9 (M.D. Pa. Nov. 5, 2024) (quoting *Diaz v. Colvin*, 2017 WL 1078229, at *1 (M.D. Pa. Mar. 22, 2017)).

## IV. Conclusion

For the foregoing reasons, the Commissioner's motion to remand will be GRANTED, and this matter will be REMANDED to the Commissioner for further administrative proceedings pursuant to 42 U.S.C. § 405(g). The Commissioner will be ORDERED to schedule an expedited hearing in this case and promptly issue a revised decision.

An appropriate order follows.

Submitted this 2nd day of November 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge